UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEDRIC AYCHE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1130** |
| **PATRICIA JOYCE, ET AL.** | **SECTION: "H"(1)** |

## REPORT AND RECOMMENDATION

Medric Ayche, Priscilla Antoinette Walker, and Iola M. Ayche filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983.[1]  They named as defendants Patricia Joyce, Matt Clauss, Leon James, Curtis Johnson, Adrian Thompson, Randall Kuhn, and Newell Normand.  The complaint contains the following allegations:

- In September of 2015, Clauss, an Assistant District Attorney for Jefferson Parish, came to plaintiffs' home, stating that he was going "to lock Priscilla up" and calling Medric Ayche a "Harvey hustler."

- On October 1, 2015, Priscilla Walker was arrested by unspecified offers and later convicted of an unspecified crime or crimes.

---

[1] Joharri Walker was also listed on the complaint as a plaintiff.  However, he did not sign the complaint, nor did he either pay the required filing fee or submit an application to proceed *in forma pauperis*. Therefore, he is not considered to be a plaintiff in this matter.  See Rec. Doc. 19.

- On November 9, 2015, Medric Ayche was shot five times by an unspecified Jefferson Parish law enforcement officer or officers.  While he was in the hospital, an unspecified officer searched his property and took $200 out of his pockets.  Officer(s) apparently also searched the family residence but found nothing.

- In June of 2016, Priscilla Walker contacted unspecified officers at the Jefferson Parish Sheriff's Office to press charges against Tiffany Gasper for harassment.  Walker was told that there was nothing that could be done.

- On June 28, 2016, Walker was arrested by an unspecified officer or officers and charged with the aggravated battery of Gasper.  That charge was dropped in October of 2016 due to lack of evidence.

- On November 8, 2016, Walker was arrested by an unspecified officer or officers for criminal damage.  She contends that offense was not "properly investigated."  Iola Ayche bonded Walker out of jail.

## **I.  Motions to Dismiss**

Defendants Joyce and Clauss have filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Medric Ayche filed an opposition to Clauss's motion;[3] no other oppositions have been filed.  For the following reasons, the motions should be granted.

---

[2] Rec. Docs. 29 and 35.
[3] Rec. Doc. 36.

## A.  Matt Clauss

Matt Clauss, an Assistant District Attorney for Jefferson Parish, argues that any claims against him in his individual capacity[4] should be dismissed pursuant to Rule 12(b)(6).[5]  For the following reasons, he is correct.

To survive a Rule 12(b)(6) motion, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007)

---

[4] Clauss appears to assume that the claims are being asserted against him in his individual capacity, and, therefore, does not address whether he could be held liable in his official capacity.  Based on the complaint's allegations, Clauss's assumption is reasonable.  However, out of an abundance of caution, the Court notes that plaintiffs' allegations are in fact also insufficient to state a state a proper official-capacity claim against Clauss for the following reasons.
    The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities.  Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003).  In the instant case, plaintiff does not even allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom.

[5] The Court notes that Clauss alternatively moves for dismissal pursuant to Rule 12(b)(1). However, because his motion is in fact challenging the existence of federal causes of action, dismissal under Rule 12(b)(1) is not appropriate. See Daniel v. Ferguson, 839 F.2d 1124, 1127 (5th Cir. 1988).

(citation, footnote, and quotation marks omitted).    The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.    The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.    Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

The clearest claim stated against Clauss in the complaint is that he referred to Medric Ayche as a "Harvey hustler."[6]    Based on plaintiffs' prayer for relief, it is apparent that they feel that Clauss's comment constitutes defamation.[7]    However, any such defamation claim is not actionable for the following reasons.

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."    Leffall v. Dallas Independent School District, 28 F.3d 521, 525 (5th Cir. 1994).    However, it is clear that mere "[a]llegations of damage to one's reputation ... fail to state a claim of a denial of a constitutional right."    State of Texas v. Thompson, 70 F.3d 390, 392 (5th Cir. 1995); accord Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) ("[I]njury to reputation alone does not give rise to section 1983 liability.").    Without more, neither slander nor defamation is a constitutional tort cognizable in an action brought pursuant to 42 U.S.C. § 1983.    Mowbray v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001); Kerr

---

[6] The Court notes that Harvey is a town located in Jefferson Parish, Louisiana.

[7] See Rec. Doc. 6-1, p. 5 (requesting that the Court order "Matt Claus [sic] stop with the defamation of my character by stating I'm a Harvey hustler").

v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999),  abrogated in part on other grounds by Castellano v.

Fragozo, 352 F.3d 939 (5th Cir. 2003); Davis v. Myers, Civ. Action No. 08-4492, 2008 WL

4747424, at *2 (E.D. La. Oct. 17, 2008).

Of course, it is true that the United States Fifth Circuit Court of Appeals has recognized

what are commonly called "stigma-plus-infringement" claims against state actors, explaining:

> [D]amage to an individual's reputation as a result of defamatory statements made
> by a state actor, *accompanied by an infringement of some other interest*, is
> actionable under § 1983.  We have described this as a "stigma-plus-infringement"
> test.  To meet the stigma prong, a plaintiff must show that the stigma was caused
> by concrete, false factual assertions by a state actor.  To establish the infringement
> prong, a plaintiff must show that the state sought to remove or significantly alter a
> life, liberty, or property interest recognized and protected by state law or one of the
> incorporated provisions of the Bill of Rights.

Thompson, 70 F.3d at 392 (emphasis added).  If the instant complaint is construed as asserting a

"stigma-plus-infringement" claim, that claim still fails for the following reasons.

Even if the reference to Medric Ayche as a "Harvey hustler" is sufficient to satisfy the

"stigma" prong of the analysis,[8] plaintiffs' claim nevertheless fails on "infringement" prong,

because they have not alleged that the purported defamation was accompanied by a colorable

violation of a "more tangible" interest as is necessary to assert a "stigma-plus-infringement" claim.

See Geter v. Fortenberry, 849 F.2d 1550, 1556-57 (5th Cir. 1988) ("Invasion of an interest in

reputation alone is insufficient to establish § 1983 liability because a damaged reputation, apart

from injury to a more tangible interest such as loss of employment, does not implicate any 'liberty'

or 'property' rights sufficient to invoke due process.").

---

[8] However, even that is debatable.  "[F]or a charge to be stigmatizing it must be worse than merely adverse; it must be such as would give rise to a badge of infamy, public scorn, or the like."  Wells v. Hico Independent School District, 736 F.2d 243, 256 n.16 (5th Cir. 1984) (quotation marks omitted)).  It is doubtful that this colorful nickname, although obviously intended to be derogatory, rises to that level.

To the extent that the Court is meant to infer from the complaint's vague allegations that Clauss also played a role in the criminal prosecution(s) of Walker and/or one (or both) of the other plaintiffs, Clauss cannot be held liable under § 1983 for his actions as a prosecutor.  Absolute prosecutorial immunity clearly protects him against claims based on his "actions in initiating the prosecution and in carrying [a] case through the judicial process."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  "Absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  Rykers v. Alford, 832 F. 2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

For all of the reasons, Clauss's motion to dismiss should be granted.

## B.  Patricia Joyce

Patricia Joyce argues that any claims against her in her official capacity are barred by the Eleventh Amendment and, therefore, should be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.  She is correct.

Joyce is a commissioner of the Louisiana Twenty-Fourth Judicial District Court, and, as a result, a judgment against her in her official capacity would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1.  Therefore, an official-capacity claim against Joyce is in reality a claim against the state itself, and, as such, is barred by the Eleventh Amendment.  Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Walker v. Normand, Civ. Action No. 14-835, 2014 WL 4072099, at *1 (E.D. La. July 11, 2014), adopted, 2014 WL 4072103 (E.D. La. Aug. 14, 2014); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the

individual office, and so are generally barred as suits against the state itself.").[9]  Accordingly, any official-capacity claims against Commissioner Joyce should be dismissed without prejudice pursuant to Rule 12(b)(1).  Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996); Walker, 2014 WL 4072099, at *1.

As to any claim against Joyce in her individual capacity, she argues that dismissal is appropriate pursuant to Rule 12(b)(6) because the complaint fails to state a claim on which relief may be granted.  Again, she is correct.

The United States Fifth Circuit Court of Appeals has held:  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

In the statement of their claims in the complaint, plaintiffs do not even mention Joyce, much less allege specific conduct on her part which purportedly gave rise to a constitutional violation.  For that reason alone, plaintiffs have failed to state a claim against her.

---

[9] The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ...  By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La. Rev. Stat. Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); accord Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

However, out of an abundance of caution, the undersigned notes that plaintiffs do reference Joyce in their prayer for relief, requesting that that the Court order that Joyce "stop signing off on search warranty [sic]."[10]  If the Court is meant to infer from that request that plaintiffs' claims against Joyce arise from the fact that she signed search warrants in plaintiffs' criminal cases, any such claims against her for monetary damages fail for an additional reason:  absolute judicial immunity.  It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit.").  Such judicial immunity clearly applies with respect to a claim based on the judicial officer's issuance of a search warrant.  See, e.g., Watts v. Graves, 720 F.2d 1416, 1420 (5th Cir. 1983) ("The issuance of [search] warrants is clearly within the course and scope of [a judge's] judicial function and he is therefore immune from any damage action occasioned thereby."); see also Richardson v. Scholz, No. 98-30342, 1999 WL 767244, at *1 (5th Cir. Sept. 8, 1999); Houseley v. Berry, No. 93-1957, 1994 WL 35627, at *2 (5th Cir. Jan. 31, 1994).

Further, any claim for injunctive relief against Joyce would likewise be barred.  The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

---

[10] Rec. Doc. 6-1, p. 5.

declaratory relief is unavailable."  42 U.S.C. § 1983; see Guerin v. Higgins, 8 Fed. App'x 31 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F. Supp. 2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Therefore, injunctive relief is not available with respect to a claim against Joyce.  See, e.g., Simpson v. Clement, Civ. Action No. 14-1040, 2014 WL 4084985, at *2-3 (E.D. La. Aug. 14, 2014); Hood v. Foil, Civ. Action No. 13-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); Jackson v. Ricks, Civ. Action No. 12-2803, 2013 WL 3930389, at *3 (E.D. La. July 29, 2013).

For these reasons, Joyce's unopposed motion to dismiss should be granted.

## II.  Screening

Although the remaining defendants in this case have not yet filed any motions, the undersigned nevertheless recommends the claims against them likewise be dismissed for failure to state a claim.

This civil action was filed *in forma pauperis*.  With respect to such actions, federal law provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … fails to state a claim on which relief may be granted …."  28 U.S.C. § 1915(e)(2)(B)(ii).

As previously noted herein, a defendant's personal involvement is essential to a civil rights cause of action, and a plaintiff must allege specific conduct on a defendant's part that gave rise to the purported constitutional violation at issue.  Although Leon James, Curtis Johnson, Adrian Thompson, Randall Kuhn, and Newell Normand are listed as defendants in this lawsuit, the plaintiffs fail to make a single factual allegation against any of them in the complaint.  Where, as here, a plaintiff merely lists an individual as a defendant but makes no factual allegations against

him, no cognizable claim has been stated against that defendant. See, e.g., Hall v. Peck, Civ. Action No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), adopted, 2017 WL 788354 (E.D. La. Feb. 23, 2017); Reavis v. State of Louisiana, Civ. Action No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. June 8, 2016), adopted, 2016 WL 3524139 (E.D. La. June 28, 2016); White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014).

Accordingly, the claims against Leon James, Curtis Johnson, Adrian Thompson, Randall Kuhn, and Newell Normand should be dismissed pursuant to the Court's screening authority.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motions to dismiss filed by Matt Clauss and Patricia Joyce, Rec. Docs. 29 and 35, be **GRANTED** and that the claims against those defendants be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that the claims against Leon James, Curtis Johnson, Adrian Thompson, Randall Kuhn, and Newell Normand be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this twenty-eighth day of November, 2017.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.