UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MEDRIC AYCHE, ET AL.                         CIVIL ACTION

VERSUS                                        NO. 17-1130

PATRICIA JOYCE, ET AL.                        SECTION: "H"(1)

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation relating to motions to dismiss filed by Defendants Matt Claus (Doc. 29) and Patricia Joyce (Doc. 35). Plaintiffs failed to file their objections to the Report and Recommendation within the extended time that the Court allowed, but the Court considers them nonetheless. Accordingly, the Court reviews the Report and Recommendation *de novo*. Considering the entire record, the Court adopts the Report and Recommendation with the following additional reasoning.

In Plaintiffs' objections, they argue that their complaint for defamation does allege that the stigma created by the defamation was associated with the infringement of a federally protected interest.[1] Plaintiffs point to two alleged

---

[1] *See* Geter v. Fortenberry, 849 F.2d 1550, 1557 (5th Cir. 1988).

1

infringements: that Plaintiff Medric Ayche was allegedly shot by third parties acting on the belief that the defamatory statements were true and that the defamatory statements were associated with searches of Plaintiffs' property. Even assuming that such deprivations are sufficiently connected to the defamation, neither concern a federally-protected interest. As to the former, Plaintiffs' complaint fails to allege that the shooters were acting on behalf of or in concert with the state and therefore fails to allege the deprivation of a right protected by § 1983.[2]

As to the latter, Plaintiffs' complaint does not allege that the searches violated a federally-protected right. Plaintiffs do not allege that the searches took place without a warrant or lacked probable cause. Instead, Plaintiffs appear to allege that the searches failed to produce any evidence and to seek compensation for property seized and damaged during the searches. No federal right protects against unsuccessful searches. Furthermore, Plaintiffs have not alleged that they have either exhausted state processes available to seek compensation for damaged property or that resort to state processes would be inadequate. Therefore Plaintiffs have failed to state a claim for the deprivation of due process.[3] Because Plaintiffs fail to state a claim for the violation of a federally-protected right associated with the alleged defamation, Plaintiffs fail to state a claim for defamation actionable under § 1983.

With respect to their claims against Defendant Patricia Joyce, Plaintiffs' additional allegations detailed in their objections to the Report and Recommendation still fail to state a claim. Plaintiffs allege that Joyce signed search warrants knowing that they lacked probable cause and that Joyce was

---

[2] *See* Moody v. Farrell, 868 F.3d 348, 352 (5th Cir. 2017).
[3] *See* Alexander v. Ieyoub, 62 F.3d 709, 712 (5th Cir. 1995). Nor have Plaintiffs alleged that the State has delegated to Defendants the authority to destroy property during a search. *See id.*

conspiring with Defendant Claus to injure Plaintiffs based on her personal connection to the case. Judicial immunity extends even to intentional acts that lie within the judicial function.[4] Because Plaintiffs' allegations against Defendant Joyce are for acts performed in her judicial function, Plaintiffs' claims are barred by absolute judicial immunity.

The Magistrate Judge, pursuant to power to screen complaints filed *in forma pauperis*, also recommended that the remainder of Plaintiffs' complaint be dismissed for the failure to make any specific factual allegations against Defendants Leon James, Curtis Johnson, Adrian Thompson, Randall Kuhn, and Newell Normand. In their objections, Plaintiffs attempt to clarify their claims, but do not add any particular factual allegations. The bare assertion that a defendant lied or failed to train his subordinates is insufficiently specific to state a claim under § 1983.[5] Accordingly, Plaintiffs still fail to state claims against the remaining Defendants.

For the foregoing reasons, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter with the additional reasons as set forth above.

Therefore,

**IT IS ORDERED** that the motions to dismiss filed by Matt Clauss and Patricia Joyce, Rec. Docs. 29 and 35, are **GRANTED** and that the claims against those defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against Leon James, Curtis Johnson, Adrian Thompson, Randall Kuhn, and Newell Normand are

---

[4] *See* Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989) ("It is well established that judges are absolutely immune from liability for judicial acts that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

[5] *See* Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232, 255–57 (5th Cir. 2009).

**DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

New Orleans, Louisiana this 13th day of July, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**